IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS - MARSHALL DIVISION
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2008 MAY -8 AM 10: 10
TX EASTERN-MARSHALL
BY_____

| | |
|---|---|
| THOMAS VISAGE and JOHN T. PARKER CLAIMS SERVICE § § § | |
| VS. § § | CIVIL ACTION NO. 2-08CV-193 TJW/CE |
| CLAIM PROFESSIONALS LIABILITY § INSURANCE COMPANY § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE IN AND FOR THE EASTERN DISTRICT OF TEXAS - MARSHALL DIVISION:

**NOW COME** Plaintiffs, Thomas Visage and John T. Parker Claims Service and complain of Claim Professionals Liability Insurance Company, Defendant, and for causes of action, would respectfully show this Honorable Court as follows:

1. Plaintiffs are citizens and residents of the Eastern District of Texas.

2. Defendant is a foreign corporate entity, incorporated in a state other than Texas, with its principal place of business in a state other than Texas. Although Defendant is a non-resident of the State of Texas, this Defendant has continuously and systematically engaged in business in the State of Texas and specifically within the Eastern District of Texas. Further, the acts and omissions described herein arose out of Defendant's transaction of business in Texas. Tex. Civ. Prac. & Rem. Code §§17.042 *et seq*.

3. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §1332(a). The matter in controversy with respect to Plaintiffs' claims far exceeds the

1

sum of $75,000, exclusive of interest and costs.

4. Defendant is a corporate entity deemed to reside in the Eastern District of Texas in that this Defendant is subject to personal jurisdiction in the Eastern District of Texas as of the date of the filing of Plaintiff's Original Complaint herein. Furthermore, and independent of the foregoing, the acts and omissions giving rise to the subject claims occurred in the Eastern District of Texas through the sale of the subject insurance policy to Plaintiffs in the Eastern District of Texas. Accordingly, venue is proper in this Court. 28 U.S.C. §1391.

5. Defendant, Claim Professionals Liability Insurance Company, may be served with process as follows:

> Michael A. Hale, President
> Claim Professionals Liability Insurance Company
> 17742 Irvine Blvd., Suite 102
> Tustin, California 92780

6. On October 15, 2007, claims were asserted against Plaintiffs in Cause No. 27582 pending in the state district court of Jasper County, Texas. The claims made in this suit arose out of storm damage claims following Hurricane Katrina. Prior to the time that such claims were made against Plaintiffs, Mr. Visage and John T. Parker Claims Service had purchased a policy of "Errors & Omissions" insurance coverage from Defendant (Policy No. CP 40252-01). After notification that claims had been made against Plaintiffs, Defendant assumed control of the defense of the case.

7. To save money, Claim Professionals Liability Insurance Company agreed to have Plaintiffs defended by the same attorney and law firm who is representing the

homeowners' insurance carrier. The defense of John T. Parker Claims Service continued in this fashion until the undersigned notified Claim Professionals Liability Insurance Company that the attorney representing Mr. Visage and John T. Parker Claims Service had an obvious conflict-of-interest. The undersigned requested that independent counsel should be retained to represent Plaintiffs in the state court case.

8. The undersigned also recommended new defense counsel (David Fisher or Steve Roper) to independently represent John T. Parker Claims Service in the Jasper County state court litigation. Claim Professionals Liability Insurance Company rejected these recommendations stating that these attorneys were "too expensive" (even though general counsel for Claim Professionals Liability Insurance Company admitted that he charged as much or more).

9. Despite having control of Plaintiffs' defense in the underlying state court litigation for approximately seven (7) months – and doing so without any reservation-of-rights – Claim Professionals Liability Insurance Company then, for the first time, sent correspondence to Plaintiffs which appeared now to disclaim coverage under the subject E&O policy. Trial is set for August 11, 2008 in the state court case.

10. Plaintiffs seek a declaratory judgment from this Court that Plaintiffs are entitled to coverage under the subject policy and/or that Claim Professionals Liability Insurance Company is estopped to deny such coverage.

11. Plaintiffs would further show that, based upon the special relationship of the parties, Defendant was required to deal fairly and in good faith with Plaintiffs.

Defendant has breached this duty by engaging in the conduct described above[1]

12. Plaintiffs further seek recovery of reasonable and necessary attorneys' fees. Plaintiffs allege that an hourly rate of $300 is a reasonable rate for such services in this locality. Plaintiffs further allege that all conditions precedent have been satisfied and/or have occurred.

13. Plaintiffs should further be entitled to recover both pre-judgment and post-judgment interest as allowed by law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon final trial hereof, the Court enter a declaratory judgment that Plaintiffs are entitled to a proper defense and indemnification from coverage provided by the subject policy, that Plaintiffs are entitled to recover a reasonable attorneys' fee associated with such claims, that Plaintiffs be awarded judgment against Defendant for all elements of compensatory damages to which they are entitled by virtue of Texas law, pre-judgment and post-judgment interest at the highest rate and to the maximum extent permitted by Texas law, statutory penalties, all costs and expenses associated with the prosecution of this action, court costs, and such other and further remedies, at law or in equity, to which Plaintiffs may show themselves justly entitled to receive.

---

[1] Plaintiffs further anticipate asserting claims pursuant to Chapters 541-542 of the Texas Insurance Code against Claim Professionals Liability Insurance Company after notice of such claims is given in the manner required by the Texas Insurance Code.

Respectfully submitted,

Law Offices of
NICHOLS & NICHOLS, P.C.
1703 Judson Road
Longview, Texas 75601
(903) 757-2464
(903) 757-2287 (FAX)

BY: 

REX A. NICHOLS, JR.
State Bar No. 15006330

ATTORNEYS FOR PLAINTIFFS,
THOMAS VISAGE and JOHN I.
PARKER CLAIMS SERVICE